**UNITED STATES of America, Appellee,**

v.

**William Keith JENKINS, a/k/a W. Keith Jenkins, a/k/a Duke Jenkins, Appellant.**

**No. 80–5176.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1981.

Decided May 21, 1981.

Elwood H. Richardson, Jr., Hampton, Va. (John D. Gray, Hampton, Va., on brief), for appellant.

Raymond A. Jackson, Asst. U. S. Atty., Norfolk, Va., (Justin W. Williams, U. S. Atty., Alexandria, Va., Janet Nesse, Third Year Law Student on brief), for appellee.

Before RUSSELL, HALL and SPROUSE, Circuit Judges.

K. K. HALL, Circuit Judge:

William Keith Jenkins was convicted of conducting an illegal gambling business in violation of 18 U.S.C. § 1955. Jenkins raises several issues on appeal but primarily contends that the government's proof failed to meet the requirement of 18 U.S.C. § 1955(b)(1)(ii) that the illegal gambling business involve five or more persons. We find that the government's proof was sufficient to meet the statutory requirements and affirm the conviction.

The evidence showed that Jenkins worked with a writer and three lay-off men [1] identified as BH, E, and Mike. The defendant laid off bets with BH on several occasions, twice with E, and with Mike only once.

To convict under 18 U.S.C. § 1955, the government must prove that the defendant conducted a gambling business prohibited by state law involving five or more people.[2] The issue here is whether to include a lay-off bettor who accepts a single bet as one of the jurisdictional five people.

---

1. A "writer" is an individual who accepts wagers from his customers and then relays these wagers to the gambling organization. A "lay-off" man is one who accepts a portion of a bookie's business, thereby reducing his risk when the wagering is uneven.

2. 18 U.S.C. § 1955 reads in pertinent part:
   (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.
   (b) As used in this section—
   (1) "illegal gambling business" means a gambling business which—
   (i) is a violation of the law of a State or political subdivision in which it is conducted;
   (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business and

It is well established in this circuit that a lay-off man may be included as one of the five people required by 18 U.S.C. § 1955. *United States v. George*, 568 F.2d 1064 (4th Cir. 1978). Jenkins urges us to add the additional requirement that the activity between the bookmaker and the lay-off man must be regular. In so doing, he argues that the reasoning of the Fifth Circuit in *United States v. Avarello*, 592 F.2d 1339 (5th Cir. 1979) *cert. den.* 444 U.S. 844, 100 S.Ct. 87, 62 L.Ed.2d 57 (1979), is persuasive. *Avarello* requires regular betting between a bookmaker and a lay-off man before the lay-off man can be included among the five people involved in the gambling operation. This requirement is to exclude a bookmaker who takes only an occasional lay-off bet and to exclude one, not a bookmaker, who nevertheless takes a lay-off bet.

■ Finding it overly restrictive, we reject the Fifth Circuit view. In our view a lay-off man is not a bettor, but a bet receiver who takes the place of the bookmaker insofar as that particular bet is concerned. For all practical purposes, he becomes a bookmaker during the life of that bet. Furthermore, by accepting overbets, the lay-off man becomes not only a bookmaker but the bookie's insurer. As an insurer, he is infinitely more important to a gambling operation than runners, watchmen, waitresses, or any of the other minor gambling functionaries ensnared by 18 U.S.C. § 1955. *See United States v. McHale*, 495 F.2d 15 (7th Cir. 1974). Unlike the runner or waitress, however, the lay-off man need not be present every day or in contact regularly to perform his insuring function. He must only be available on the critical day when the bookmaker is overbet and needs to reduce his financial risk. One contact is enough for a lay-off man to become a bookmaker and thus one of the five persons involved in the business. In adopting this holding, we expand upon our decision in *George*.

■ In this case, only one bet was placed with the individual identified as Mike. The

tally sheet coupled with testimony of the government expert identified him as a lay-off man. While he was only in contact with Jenkins once, he was, as a lay-off man, involved in the operation. The court did not have to instruct the jury that they must find regular contact between the two because the lay-off man's mere involvement in the gambling operation is sufficient to make him one of the statutory five people. Thus the jury instructions suggested by the defense were properly denied by the district court, as was the motion for a directed verdict on this issue.

■ Jenkins also raises questions about the validity of the search warrant and the government's answer to a bill of particulars filed by the defense during trial. We hold the affidavit of the FBI agent and the examination by the magistrate were sufficient to establish probable cause to issue a warrant. Likewise, the attack on the district court's handling of the bill of particulars is without merit because the court offered the defense a continuance to make up for any unfair prejudice caused and the defense refused the offer.

Accordingly, the conviction is affirmed. *AFFIRMED.*

(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of over $2,000 in a single day.